UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PAUL BENNETT, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ALKERMES, INC., RICHARD F. POPS, ROBERT A. BREYER, DAVID A. BROECKER, MICHAEL J. LANDINE, JAMES M. FRATES, and JAMES L. WRIGHT,<br><br>Defendants. | Civil Action No. 1:03-CV-12091 (RCL) |
| VINCENT RAGOSTA, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ALKERMES, INC., RICHARD F. POPS, ROBERT A. BREYER, DAVID A. BROECKER, MICHAEL J. LANDINE, JAMES M. FRATES, and JAMES L. WRIGHT,<br><br>Defendants. | Civil Action No. 1:03-CV-12184 (RCL) |

[Captions continued on next page]

**MEMORANDUM OF LAW IN FURTHER SUPPORT OF THE
MOTION OF DANSKE CAPITAL TO BE APPOINTED LEAD PLAINTIFF AND FOR
APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL AND
LIAISON COUNSEL, AND IN OPPOSITION TO COMPETING MOTIONS**

| | |
|---|---|
| BARRY FAMILY LP, on behalf of itself and all others similarly situated,  )<br>)<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>ALKERMES, INC., RICHARD F. POPS, )<br>ROBERT A. BREYER, DAVID A. )<br>BROECKER, MICHAEL J. LANDINE, )<br>JAMES M. FRATES, and JAMES L. )<br>WRIGHT,  )<br>)<br>Defendants. ) | Civil Action No. 1:03-CV-12243 (RCL) |
| JULIUS WALTZER and PHYLLIS )<br>WALTZER, on behalf of themselves and )<br>all others similarly situated,  )<br>)<br>Plaintiffs,  )<br>)<br>v.  )<br>)<br>ALKERMES, INC., RICHARD F. POPS, )<br>ROBERT A. BREYER, DAVID A. )<br>BROECKER, MICHAEL J. LANDINE, )<br>JAMES M. FRATES, and JAMES L. )<br>WRIGHT,  )<br>)<br>Defendants. ) | Civil Action No. 1:03-CV-12277 (RCL) |

[Captions continued on next page]

| | |
|---|---|
| DEBRA S. FOLKERTS, on behalf of herself and all others similarly situated,<br><br>                Plaintiff,<br><br>v.<br><br>ALKERMES, INC., RICHARD F. POPS, ROBERT A. BREYER, DAVID A. BROECKER, MICHAEL J. LANDINE, JAMES M. FRATES, and JAMES L. WRIGHT,<br><br>                Defendants. | Civil Action No. 1:03-CV-12386 (RCL) |
| JAMES P. SLAVAS, on behalf of himself and all others similarly situated,<br><br>                Plaintiff,<br><br>v.<br><br>ALKERMES, INC., RICHARD F. POPS, ROBERT A. BREYER, DAVID A. BROECKER, MICHAEL J. LANDINE, JAMES M. FRATES, and JAMES L. WRIGHT,<br><br>                Defendants. | Civil Action No. 1:03-CV-12471 (RCL) |

Alkermes Inc. ("Alkermes") institutional investor Danske Capital ("Danske") respectfully submits this memorandum of law in further support of its motion to be appointed as lead plaintiff and for approval of its selection of lead counsel and liaison counsel, and in opposition to the competing motions filed by (i) Southern Alaska Carpenters Retirement Trust ("Alaska") and (ii) the McCallum Family Group.

## I. **PRELIMINARY STATEMENT**

The Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4(a), is neither "overly complex nor ambiguous" in providing a "**clear path** that district courts **must follow** in appointing a lead plaintiff." *In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002) (emphasis added). First, the court must determine which of the competing movants has "the largest financial interest in the litigation." *Id.* at 730. Based on the motions and supporting papers, there is no question that Danske, with financial losses of **$1.393 million** as a result of its class period investments in Alkermes, overwhelmingly has the most at stake in this litigation.[1]

Next, after the court determines which movant has the largest financial interest, the court "must then focus its attention on *that* plaintiff and determine...whether he satisfies the requirements of Rule 23(a)." *Id.* at 730. Here, in addition to its sworn certification attesting to its losses in Alkermes and its understanding of the duties incumbent upon a lead plaintiff, Danske has provided a supplemental declaration, which further manifests its commitment to this litigation. *See* Certification of Hans-Henrick Garder ("Garder Certification"), attached as Exhibit A to the Declaration of Peter A. Lagorio In Support Of Motion Of Danske Capital ("Lagorio

---

[1] By comparison, Alaska reports financial losses of $88,388 and the McCallum Family Group reports aggregated financial losses of $44,180.

Dec. 1"), at ¶¶ 3, 5, 7, and Declaration of Hans-Henrick Garder ("Garder Dec."), attached as Exhibit A to Declaration of Peter A. Lagorio In Further Support Of The Motion Of Danske Capital ("Lagorio Dec. 2"), at ¶¶ 4-5. These submissions coupled with Danske's status as an institutional investor (precisely the type of lead plaintiff Congress envisioned when it passed the PSLRA) prove Danske's adequacy to serve as lead plaintiff under Rule 23. *See In re Lernout & Hauspie Securities Litigation*, 138 F. Supp. 2d 39, 43 (D. Mass. 2001) (citing H.R. Conf. Rep. No. 104-369, at 32 (1995) (reprinted in 1995 U.S.C.C.A.N. 730, 731).

Because Danske has the largest financial interest in this litigation and it has sufficiently demonstrated its adequacy and typicality under Rule 23, Danske is the presumptive most adequate lead plaintiff and should be appointed lead plaintiff to represent the Class. As the presumptive lead plaintiff, Danske's selection of the law firm of Schiffrin & Barroway, LLP as lead counsel and the law firm of Gilman and Pastor LLP as liaison counsel should also be approved by the Court.

## II. <u>ARGUMENT</u>

### A. <u>Danske Is The Presumptive Most Adequate Plaintiff</u>

The PSLRA directs that courts "**shall appoint** as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. §78u-4(a)(3)(B)(I) (emphasis added). In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he Court shall adopt a **presumption** that the most adequate plaintiff in any private action arising under this chapter is the person or group of persons that –
>
> (aa) has either filed the complaint or made a motion in response to a notice . . .;

  (bb) in the determination of the court, **has the largest financial interest** in the relief sought by the class; and

  (cc) otherwise **satisfies the requirements of Rule 23** of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(aa)-(cc) (emphasis added).

  **1.** **Danske Has The Largest Financial Interest In The Litigation**

With $1.393 million in financial losses, Danske has the largest financial interest in this litigation. In fact, Danske's financial losses exceed the two competing movants' **combined** financial losses by over 1.2 million.

| MOVANT | REPORTED LOSSES |
|---|---|
| DANSKE CAPITAL | $1.393 MILLION |
| SOUTHERN ALASKA CARPENTERS RETIREMENT TRUST | $88,388 |
| THE MCCALLUM FAMILY GROUP | $44,219 |

Thus, only Danske can legitimately claim to have the largest financial interest in the relief sought by the Class.

  **2.** **Danske Qualifies Under Rule 23**

Once the Court determines which plaintiff has the greatest financial stake in the litigation, it must next determine whether *that* plaintiff has made a *prima facie* showing of typicality and adequacy under Rule 23. *In re Cavanaugh*, 306 F.3d at 732 ("Once that comparison is made and the court identifies the plaintiff with the largest stake in the litigation, further inquiry must focus on that plaintiff alone and [should] be limited to determining whether he satisfies the other

statutory requirements."). This next step in the lead plaintiff analysis is non-adversarial in nature, with the court relying on the presumptive lead plaintiff's initial filings and sworn certification. *Id.*

Danske, through its initial motion and supporting documents, has sufficiently demonstrated that it (i) understands the obligations of a lead plaintiff; (ii) is committed to providing diligent representation for the Class; and (iii) has complete investment authority and is the agent and attorney-in-fact with full power and authority to bring suit to recover for investment losses on behalf of its clients. Garder Certification at ¶¶ 3, 5, 7; *see also Weinberg v. Atlas Air Worldwide Holdings, Inc.*, 216 F.R.D. 248, 255 (S.D.N.Y. 2003) (investment advisor acting as agent and attorney-in-fact with full power to bring suit appointed sole lead plaintiff)./2 Additionally, Danske has provided a supplemental declaration reaffirming its commitment to the litigation, including the designation of a representative fluent in English, and further acknowledging its responsibilities to the Class if appointed lead plaintiff, including traveling to the United States for deposition or trial testimony, keeping informed off all significant litigation developments and filings and actively monitoring class counsel's performance. Garder

---

/2   Moreover, courts (including this District) routinely appoint foreign purchasers such as Danske to serve as lead plaintiff. *See Lernout*, 138 F. Supp. 2d at 45 (group of three foreign individuals jointly appointed lead plaintiffs); *Gerald E. Vangsgard v. Ariba Inc. et al.*, Civ. No. C-03-00277-(JF), slip op. 12 (N.D. Cal. July 11, 2003) (Italian investment advisor appointed sole lead plaintiff) (attached as Exhibit B to Lagorio Dec. 2); *In re Turkcell Iletisim Hizmetler, A.S. Securities Litigation*, 209 F.R.D. 353, 361 (S.D.N.Y. 2002) (foreign institution appointed sole lead plaintiff); *In re Versata, Inc. Sec. Litig.* 2001 U.S. Dist. LEXIS 24270, at *23-24 (N.D. Cal. 2001) (Swiss investment firm and Mexican institution appointed as lead plaintiffs); *see also Newman v. Eagle Bldg. Techs.*, 209 F.R.D. 499, 505 (S.D. Fla. 2002) ("[T]he emphasis that the opposing lead plaintiffs place on the fact that the banks are located in Europe is of little significance.").

Declaration at ¶¶ 4-5.[3] Based on these submissions, there can be no doubt (at this preliminary stage) that Danske is an adequate and typical lead plaintiff.

### 3. Danske Is Precisely The Type Of Institutional Lead Plaintiff Preferred By Congress

Last, in addition to having by far the greatest financial interest in the outcome of this litigation, Danske is exactly the type of lead plaintiff which Congress envisioned when it enacted the PSLRA – an institutional investor with the largest amounts at stake. As Judge Saris noted in *Lernout*, in drafting the lead plaintiff provisions of the PSLRA, Congress sought:

> '[t]o increase the likelihood that institutional investors will serve as lead plaintiffs by requiring courts to presume that the member of the purported class with the largest financial stake in the relief is the "most adequate plaintiff.' **This is predicated upon the conclusion that institutional investors [] with large amounts at stake will represent the interest of the plaintiff class more effectively than class members with small amounts at stake.**

138 F. Supp. 2d at 43 (emphasis added); see also *In re Network Assocs., Inc. Sec. Litig.*, 76 F. Supp.2d 1017, 1020 (N.D. Cal. 1999) ("Congress expected that the lead plaintiff would normally be an institutional investor with a large stake in the outcome."); *Martin v. Atchinson Casting Corp.*, 200 F.R.D. 453, 456 (D. Kan. 2001) ("Legislative history indicates that Congress believed that large institutional investors would be in a better position to control the litigation."). Therefore, as an institutional investor with by far the largest financial interest in this litigation, which is otherwise typical and adequate, Dankse should be appointed lead plaintiff to represent the Class.

---

[3] Danske's claims are also typical of the claims of the rest of the class because, just like all other class members, it: (1) purchased Alkermes shares during the Class Period; (2) purchased Alkermes shares in reliance upon the allegedly materially false and misleading statements issued by defendants; and (3) suffered damages thereby.

### III. CONCLUSION

For the foregoing reasons, Danske respectfully requests that the Court: (a) consolidate for all purposes the Related Actions against defendants; (b) appoint Danske Capital as lead plaintiff; (c) approve Schiffrin & Barroway, LLP as lead counsel for the Class; and (d) approve Gilman and Pastor, LLP as liaison counsel for the Class.

Dated: January 12, 2004

Respectfully submitted,

**GILMAN AND PASTOR, LLP**

By: _____
David Pastor (BBO # 391000)
Peter A. Lagorio (BBO # 567379)
Stonehill Corporate Center
999 Broadway, Suite 500
Saugus, MA 01906
Telephone: (781) 231-7850
Facsimile: (781) 231-7840

**Proposed Liaison Counsel**

**SCHIFFRIN & BARROWAY, LLP**
Andrew L. Barroway
Stuart L. Berman
Sean M. Handler
Three Bala Plaza East, Suite 400
Bala Cynwyd, PA 19004
Telephone: (610) 667-7706
Facsimile: (610) 667-7056

**Proposed Lead Counsel**

## CERTIFICATE OF SERVICE

I Hereby Certify That A True Copy of The Above Document Was Served Upon The Attorney Of Record For Each Other Party By Mail (By Hand) On 1/12/04

-6-